IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

JEROME TURNQUEST,                    :
                                     :
          Petitioner                 :
                                     :
     v.                              :   CIVIL NO. 3:CV-14-1630
                                     :
DAVID J. EBBERT, WARDEN, ET AL.,:        (Judge Conaboy)
                                     :
          Respondents                :

FILED
SCRANTON

APR 2 0 2016

PER _____
DEPUTY CLERK

## MEMORANDUM
### Background

Jerome Turnquest filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 while confined at the Canaan United States Penitentiary, Waymart, Pennsylvania (USP-Canaan). USP-Canaan Warden David Ebbert was deemed to be the sole Respondent in this matter.  Service of the petition was previously ordered.

According to records provided by the Respondent, Petitioner plead guilty to a drug related charge in the United States District Court for the Southern District of Florida.  His pending action does not challenge the legality of either his federal conviction or sentence.

Rather, Petitioner states that while serving his federal sentence, the Federal Bureau of Prisons (BOP) determined that he was not eligible for a one year sentence reduction following his successful completion of the Residential Drug Abuse Treatment

1

Program (RDAP) because of a prior Georgia state robbery conviction.[1]   Turnquest asserts that the BOP's decision was improper because the robbery conviction at issue was a juvenile court adjudication.

Respondent's initial response to the Petition asserted that the BOP's determination that Turnquest was ineligible for a sentence reduction was correct because his juvenile robbery conviction precluded him from eligibility for an RDAP one year sentence reduction.

On April 18, 2016, the Respondent filed a "Suggestion of Mootness."  See Doc. 18.  The notice states that Turnquest was released from BOP custody on October 30, 2015.  In light of Petitioner's release, the Respondent seeks dismissal of this action on the basis of mootness.

### Discussion

The case or controversy requirement of Article III, § 2 of the United States Constitution subsists through all stages of federal judicial proceedings.  Parties must continue to have a 'personal stake in the outcome' of the lawsuit." Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990); Preiser v. Newkirk, 422 U.S. 395, 401 (1975).  In other words, throughout

---

[1]   The RDAP has two components, a five hundred (500) hour classroom program and a transitional services portion which is completed in a halfway house.  Upon completion of both segments, the inmate applicant is eligible for a one (1) year sentence reduction.

2

the course of the action, the aggrieved party must suffer or be threatened with actual injury caused by the defendant.  <u>Lewis</u>, 494 U.S. at 477.

A habeas petitioner like Turnquest who asserts a claim related to his eligibility for an RDAP sentence reduction always satisfies the case or controversy requirement by the mere fact of his incarceration.  The existing incarceration constitutes the injury, and may be redressable by the invalidation of the conviction or in this case the granting of a sentence reduction.  However, in a case like the present, where the incarceration has ended, ". . . some 'collateral consequence' of the conviction (or parole) -- must exist if the suit is to be maintained." <u>Spencer v. Kemna</u>, 523 U.S. 1, 118 S. Ct. 978, 983 (1998).[2]

Petitioner's present action sought only his approval for an RDAP sentence reduction.  As noted by Respondent, the BOP's Inmate Locator electronic database, www.bop.gov shows that Petitioner was released from federal custody on October 30, 2015.[3]

Based on the principles set forth by the Supreme Court in

---

[2]  In <u>Spencer</u>, an attack to a parole revocation by a prisoner who had gained his release was deemed to lack any collateral consequences.

[3]  The initial response indicated that Petitioner was not scheduled for release until September 26, 2017.  <u>See</u> Doc. 12-1, p. 4. The subsequently filed Suggestion of Mootness does not provide an explanation as to the circumstances of Turnquest's apparent early release.

3

Lewis and Spencer, in order for Turnquest to maintain this action, continuing collateral consequences must exist or be presumed.  It has been held that most criminal convictions do involve adverse collateral legal consequences.  See Sibron v. New York, 392 U.S. 40, 55 (1968); Carafas v. LaVallee, 391 U.S. 234, 237-38 (1968).  However, the same presumption of collateral consequences has been found not to extend to the situation of requests for jail time credit.  See Johnson v. Riveland, 855 F.2d 1477 (10th Cir. 1988) (a challenge to the denial of credit against a minimum term of confinement which determined an initial parole eligibility date became moot when the petitioner was paroled).

Petitioner has failed to assert or demonstrate any collateral consequences which may be attributable to his instant claim of denial of an RDAP sentence reduction.  As such, under the principles set forth in Spencer and Johnson, Turnquest's release from incarceration has caused his instant petition to become moot since it no longer presents an existing case or controversy.  An appropriate Order will enter.

RICHARD P. CONABOY
United States District Judge

DATED: APRIL 20th, 2016

4